IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

LEE T. TERRY, *
*
Plaintiff, *
vs. * No. 4:15CV00252 SWW
*
ABSOLUTE RESOLUTIONS VII, LLC, *
A California Corporation, *
*
Defendant. *

**Opinion and Order**

Pending before the Court is a motion to dismiss plaintiff's amended complaint for failure to state a claim. Plaintiff responded to the motion and defendant filed a reply to the response. For the reasons stated below, the motion to dismiss is granted.

I.

Plaintiff Lee T. Terry ("Terry") had a credit card account with Capital One Bank, N.A. ("Capital One"). Defendant Absolute Resolutions VII, LLC ("Absolute") purchased the account. On February 18, 2015, Absolute filed a complaint against Terry in Pulaski County, Arkansas, District Court, seeking to collect on a consumer debt that Terry owed to Capital One. Terry asserts that because the complaint filed by Absolute does not include the contract between Capital One and Terry as required by Ark.R.Civ.P. 10(d) and because the affidavit attached to the complaint does not comply with Ark. Code. Ann, § 16-45-104, Absolute is in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-101 *et seq*.

II.

When ruling on a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P.

12(b)(6), a court must accept the facts as alleged in the complaint as true and grant all reasonable inferences in favor of the plaintiff. *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 464 (8th Cir. 2002). The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint should not be dismissed unless it is clear beyond doubt that the plaintiff can prove no set of facts thereunder which would entitle him or her to relief. *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996). The Court may grant a motion to dismiss on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

III.

Arkansas Rule of Civil Procedure 10(d) provides: "A copy of any written instrument or document upon which a claim or defense is based shall be attached as an exhibit to the pleading in which such a claim or defense is averred unless good cause is shown for its absence in such pleading." Absolute did not attach a copy of the credit card agreement between Terry and Capital One, and Terry alleges Absolute's failure to do so violates the FDCPA prohibitions against making false or misleading representations and using unfair practices. Specifically, Terry claims Absolute violated 15 U.S.C. § 1692e(5) by threatening to take action that cannot legally be taken or that is not intended to be taken; § 1692e(10) by using a false representation or deceptive means to collect a debt; § 1692e(2)(A) by falsely representing the character, amount, or legal status of any debt; and § 1692f(1) by using unfair or unconscionable means to collect an amount outside what was expressly authorized by the agreement.

"The purpose of the FDCPA is to 'eliminate abusive debt collection practices by debt collectors,' § 1692(a), and debt collectors are liable for failure to comply with 'any provision' of

the Act. § 1692k(a)." *Richmond v. Higgins*, 435 F.3d 825, 828 (8th Cir. 2006). The failure to attach the underlying agreement which forms the basis of the debt collection suit does not necessarily give rise to an FDCPA violation. *See Deere v. Javitch, Block and Rathbone LLP*. 413 F. Supp. 2d 886, 891 (S.D. Ohio 2006); *Jackson v. Portfolio Recovery Assocs., LLC*, Case No. 3:15CV00075 BSM (July 1, 2015); *Born v. Hosto & Buchan, PLLC*, 372 S.W.3d 324, 337 (Ark. ) ("It is likewise clear that general violations of the Arkansas Rules of Civil Procedure do not necessarily give rise to a claim under the FDCPA.")

> [F]iling a lawsuit supported by the client's affidavit attesting to the existence and amount of a debt, is not a false representation about the character or legal status of a debt, nor is it unfair or unconscionable. A defendant in any lawsuit is entitled to request more information or details about a plaintiff's claim, either through formal pleadings challenging a complaint, or through discovery. [Plaintiff] does not allege that anything in the state court complaint was false, or that the complaint was baseless. [Plaintiff] essentially alleges that more of a paper trail should have been in the lawyers' hands or attached to the complaint. The FDCPA imposes no such obligation.

*Deere, supra*, at 891. The Court finds Terry's claims based upon Absolute's failure to attach the underlying agreement in violation of Ark.R.Civ.P. 10(d) should be dismissed.

Plaintiff Terry also complains that the affidavit Absolute attached to its complaint failed to comply with Ark. Code Ann. § 16-45-104(b)(7), which requires that an affidavit of an account must state the interest rate and the source of the interest rate. He alleges Absolute's failure to comply with § 16-45-104 supports a claim for violation of the FDCPA . In response, Absolute argues that because it is not seeking pre-judgment interest in the state court lawsuit, it does not need to provide an interest rate, source of interest rate, or amount of debt attributed to pre-judgment interest. In response to Terry's assertion that Absolute was unable to make truthful, correct, and accurate statements in the affidavit because "the affiant executes affidavits in volume

based on extremely limited information obtained from third parties,"[1] Absolute argues Terry fails to assert any facts in support of his claim. The Court finds there are no facts to support Terry's claim that Absolute failed to comply with § 16-45-104. Furthermore, "the violation of a state law does not amount to a FDCPA violation. While § 1692f prohibits 'unfair or unconscionable means to collect or attempt to collect any debt,' it is not 'an enforcement mechanism for other rules of state and federal law.'" *Delisi v. Midland Funding, LLC*, 2015 WL 4393901 at *5 (E.D.Mo. July 16, 2015)(internal citation omitted).

IV.

IT IS THEREFORE ORDERED that Absolute's motion to dismiss [ECF No. 9] is granted.[2] Plaintiff Terry's complaint is dismissed with prejudice.

DATED this 3rd day of August, 2015.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[1]Pl's. Br. in Supp. of Resp. to Mot. to Dismiss at 4.

[2]Absolute's motion to dismiss Terry's original complaint [ECF No. 5] is moot.